**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 13-cv-01291-RM-KMT

CHARLOTTE WILLIAMS,

    Plaintiff,

v.

CACH, LLC, a Colorado limited liability company,

    Defendant.

___

**ORDER RE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (ECF NO. 16)**
___

THIS MATTER comes before the Court on Plaintiff Charlotte William's Motion for Attorney's Fees ("Motion") (ECF No. 16) against Defendant CACH, LLC, following an entry of judgment upon Plaintiff's acceptance of an Offer of Judgment ("Offer of Judgment") made pursuant to Fed.R.Civ.P. 68. Plaintiff's sole claim was based on Defendant's alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). Upon consideration of the parties' papers filed on the issue, the applicable law, and for the reasons stated herein, Plaintiff's Motion is GRANTED in part and DENIED in part.

**I. BACKGROUND**

On May 16, 2013, Plaintiff filed a single count complaint ("Complaint") against Defendant alleging violations of the FDCPA arising from a disputed account in the amount of $1,098.00. (Complaint, *e.g.*, ¶¶ 69-70.) In her Complaint, Plaintiff requested damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a). This was Plaintiff's

fourth, of five, FDCPA complaint against various "debt collectors." Plaintiff was represented by the same attorney in each of her cases.

On June 10, 2013, Defendant served Plaintiff with the Offer of Judgment for $1,001.00. On June 26, 2013, Defendant filed its Answer. On June 27, 2013, Plaintiff filed her acceptance of the Offer of Judgment and on June 28, 2013, judgment was entered in favor of Plaintiff in the amount of $1,001.00 plus costs and reasonable attorney's fees. On July 3, 2013, upon stipulation filed by the parties, $470.00 of costs were taxed against Defendant. Plaintiff filed the instant Motion when the parties were unable to agree on the reasonable amount of attorney's fees to be awarded.

## II. ANALYSIS

Under Section 1692k(a)(3) of the FDCPA, a defendant is liable to a successful plaintiff for "a reasonable attorney's fee as determined by the court." The fee award is determined through the calculation of the lodestar amount – "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is the "presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010). "The burden of proving the claimed number of hours and rate is on the applicant." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

Plaintiff submitted "Attorney David M. Larson's Time Records" showing total attorney's fees of $2,900.00 based on 11.6 hours of work at $250.00 per hour but states she is voluntarily reducing the fee request to $2,500.00 based on ten hours of work at a rate of $250.00 per hour.

2

Plaintiff also requests an additional $1,000.00 based on the estimated time of four hours at $250.00 per hour to review Defendant's response brief and to prepare a reply brief.

    **A.**    **Reasonableness of Rate.**

"A reasonable rate is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, *supra* at 1018. The requested rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, *supra* at 1078 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Defendant agrees that Plaintiff's requested rate of $250.00 per hour is reasonable. Upon review of Plaintiff's counsel's skill, experience and reputation, and consideration of Plaintiff's supporting affidavit on the issue, the Court agrees that the requested rate of $250.00 per hour is reasonable. *E.g., Orrick v. Midland Credit Management, Inc.*, No. 12-cv-03142-RPM-CBS (D. Colo., filed April 16, 2013); *Johnson v. Leading Edge Recovery Solutions, L.L.C.*, No. 12-cv-03103-CMA-CBS, 2013 WL 674057, at *2 (D. Colo., filed Feb. 22, 2013).

    **B.**    **Reasonableness of Hours Claimed.**

Not all hours expended in litigation are normally billed to a client as an attorney should exercise "billing judgment" with respect to a claim of the number of hours worked. *Hensley, supra* at 437; *Malloy v. Monahan, supra* at 1018. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*." *Hensley, supra* at 434 (italics in original). Counsel should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *Hensley, supra* at 434; *Malloy v. Monahan, supra* at 1018. The district court

3

should exclude hours not reasonably expended but need not identify and justify every hour allowed or disallowed because a request for attorney's fees should not result in a second major litigation. *See Hensley, supra* at 437; *Malloy v. Monahan, supra* at 1018.

Here, Plaintiff voluntarily reduced the requested attorney hours from 11.6 to ten hours of work completed prior to and including the Motion, and requested an additional four hours to review Defendant's response and to prepare a reply, for a total of 14 hours or $3,500.00 (14 x $250.00). Defendant contends Plaintiff's hours should be reduced further – to no more than six hours, for a fee award of no more than $1,500.00 – as they are excessive. Defendant argues this reduction is appropriate in light of how quickly the Offer of Judgment was made and this case was resolved; the "straightforward allegations" in this case which mirror other complaints filed by Plaintiff's counsel for not only Plaintiff but also other complainants; Plaintiff's counsel's extensive experience in handling FDCPA cases and litigating the associated fee disputes; and Plaintiff's counsel's failure to reflect his experience and efficiency in handling similar matters repeatedly, and with the same client on four other actions.

The Court has reviewed the relevant filings, including counsel's time records. Upon consideration of this action overall, some of the time requested was excessive. For example, Plaintiff requested two hours to draft the Complaint which is remarkably similar, if not identical in many respects, to Plaintiff's other complaints. Counsel billed .2 hours (12 minutes) for review of Court Docket text only entries numbered 8 and 9. Counsel also billed time on three separate occasions for listening to an audio recording. Similarly, Plaintiff requests four hours for the review of Defendant's response and preparation of her reply, for a total of 5.8 hours to litigate the attorney's fee issue. In light of the foregoing, Plaintiff's voluntary reduction of time from

11.6 hours to ten hours is appropriate. The Court finds, however, the hours requested to litigate the attorney's fees issue are excessive and therefore reduces the additional four hours requested to 3.0 hours. *See Fox v. Vice*, ___ U.S. ___, 131 S. Ct. 2205, 2216 (2011) (essential goal is rough justice, not auditing perfection); *Segura v. Midland Credit Management*, No. 12-cv-00830-PAB-KMT (D. Colo., filed Feb. 14, 2013) (awarding fees for 2.5 hours spent litigating fee issue).

### III.  CONCLUSION

Based on the foregoing, the Court finds the $250.00 hourly rate charged is a reasonable rate. The Court further finds that some of the hours requested is excessive and therefore reduces the hours to a total of 13.0 hours for a total fees award of $3,250.00. It is therefore

ORDERED that Plaintiff's Motion for Attorney's Fees (ECF No. 16) is GRANTED in part and DENIED in part; and

FURTHER ORDERED that Plaintiff Charlotte Williams shall be awarded $3,250.00 in attorney's fees.

DATED this 1st day of October, 2013.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge